UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SATINDERPAL SINGH
(A-Number: A-245-674-722),

Petitioner,

v.

GERALD MOSS, Warden of the Central
Valley Annex; DAVID J. VENTURELLA,
Acting Director of Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary of the U.S. Department
of Homeland Security; TODD BLANCHE,
Attorney General of the United States,

Respondents.

No.  1:26-cv-05920-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS

Doc. 1

Petitioner Satinderpal Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim one of the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pursuant to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-

1

CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 4.

Respondents argue "that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)," and that petitioner does not have due process rights "in any form other than the form provided by Congress."  *See* Doc. 6 at 1–2.  But the Ninth Circuit rejected respondents' statutory argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and this Court has rejected respondents' due process argument in prior cases.  Respondents do not distinguish those authorities or raise any argument that this Court has not previously considered.

Respondents also state that "[s]hould the Court find that the detention authority is 8 U.S.C. § 1226, Respondents do not offer any opposition at this time to the Court ordering a bond hearing."  Doc. 6.  Respondents state this "case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing" and indicate that petitioner was recently arrested for felony stalking.  *Id.* at 6, 15.  Those criminal proceedings appear to be pending.  *See id.* at 10, 15.  Respondents "request a 14-day period during which to set the ordered bond hearing," but they do not explain why they need fourteen days to conduct the bond hearing, given that petitioner has now been detained for almost three weeks.

Accordingly, the petition for writ of habeas corpus is GRANTED.  Respondents are ORDERED to provide petitioner Satinderpal Singh (A-Number: A-245-674-722) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's

2

request so that he can obtain an attorney.  If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing.  The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.  If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    August 3, 2026

UNITED STATES DISTRICT JUDGE

3